UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES H. WOODS, JR.,

    Plaintiffs,

v.                                                      Case No. 10-13215

NEIGHBORHOOD LEGAL SERVICES,        HONORABLE AVERN COHN

    Defendant.

_____/

**ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 59)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 58)
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 42)
AND
DISMISSING CASE**

**I.**

This is a civil rights case. Plaintiff James Woods, proceeding pro se, asserts several claims against defendant as follows: violation Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq., 42 U.S.C.§ 6101, et. seq.; violation of Michigan's Elliot Larsen Civil Rights Act, M.C.L. § 37.2101 et. seq.; and defamation and libel under state law. Plaintiff's claims stem from when he was a trainee sponsored by the Detroit Urban League and trained at defendant Neighborhood Legal Services in Detroit. The case has been referred to a magistrate judge for all pre-trial proceedings. (Doc. 26).

On January 25, 2012, defendant filed a motion for summary judgment (Doc. 42). On July 31, 2012, the magistrate judge issued a report and recommendation (MJRR),

recommending that the motion be granted. (Doc. 58). Before the Court are plaintiff's objections to the MJRR. (Doc. 59). For the reasons that follow, plaintiff's objections will be overruled, the MJRR will be adopted, defendant's motion for summary judgment will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.

The Court has reviewed plaintiff's objections. Nothing in the objections convince the Court that the magistrate judge erred in his recommendation.[1] To the contrary, the

---

[1]At best as can be gleaned from plaintiff's objections, he is raising the same arguments considered and rejected by the magistrate judge. To the extent plaintiff contends he was not afforded adequate discovery, the record shows otherwise. Notably, plaintiff filed a response to defendant's summary judgment motion which contained several hundred pages of exhibits. To the extent plaintiff is raising new claims against defendant, this is improper. The only claims at issue in the claims presented in the amended complaint (Doc. 12). While plaintiff recently filed a motion for leave to file a second amended complaint (Doc. 55), this motion is MOOT in light of

magistrate judge carefully explained why plaintiff has not made out an actionable claim against defendant based on any form of discrimination nor has he made out a claim for defamation/libel.

Accordingly, plaintiff's objections are OVERRULED.  The findings and conclusions of the magistrate judge in the MJRR are ADOPTED as the findings and conclusions of the Court.  Defendant's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  August 8, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 8, 2012, by electronic and/or ordinary mail.

     S/Julie Owens
Case Manager, (313) 234-5160

---

the disposition of defendant's summary judgment motion.